ROYAL INDEMNITY CO v BUCKEYE BRICK CO.

BUCKEYE SHALE BRICK CO v INDEPENDENCE INDEMNITY CO

ROYAL INDEMNITY CO v GILES

GILES v INDEPENDENCE INDEMNITY CO

ROYAL INDEMNITY CO v VAN VALKENBERG

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 9219, 9334, 9318, 9333, 9320

Decided Feb. 4, 1929

Orgill, Maschke & Wickham, Cleveland, for Plaintiff in Error.

Robert E. Roehm, Esq., Baker, Hostetler & Sidlo and Farrell & Edwards, all of Cleveland, for Defendant in Error.

VICKERY, J.

In reviewing this record we find that, on December 19th, by resolution of the Board of County Commissioners, estimate

No. 21, being the final estimate on this job, was passed, and the Auditor was authorized to pay this final estimate. It is perhaps unnecessary to say, but we will say it, that the money never was paid until it was paid into court by the County Commissioners when they filed their interpleader, but it is claimed by the plaintiff in error that no attested accounts were filed within ninety days from that date, and that is true. On June 16th, 1926, six months thereafter, there having been, so far as the records of the County Commissioners show, no acceptance of this work, a resolution was passed by the Board of County Commissioners reciting the necessary things for it to recite as provided by the statute, and by that resolution it is shown that this road was completed and accepted by the County as of the date of June 16th, 1926; and within ninety days from that time these attested accounts were filed. But it is claimed by the plaintiff in error that the allowance and ordering the payment of the final estimate was an **acceptance** of this road as improved and, therefore, the attested accounts were filed too late. So the whole controversy turns upon the question as to whether or not the allowance of the final estimate is an acceptance of the improvement within the meaning of the statute.

An examination of the resolution authorizing the payment of the final estimate will at once show that it is far short of containing the necessary thing for the acceptance of an improvement. The statute 2463-3 GC seems to require that the Commissioners pass a formal resolution **accepting** the improvement, **after an examination by the County Commissioners and upon certificate of the County Engineer, that the work is completed.**

Now it is admitted that what the statute required the people holding these claims to do had been done within ninety days after the resolution accepting this improvement was passed by the County Commissioners on the 16th day of June, 1926.

Can one say that the passage of a final estimate is an acceptance of the road? It is true that the final estimate ought not to be paid or passed perhaps until there had been an acceptance, but there are many things done by public officers which ought not to have been done. The statute of Ohio undoubtedly had in mind a resolution as to the improvement so that it would be definite and determined when those who claimed liens against it could determine the time when they must file their claims or be forever barred. The allowing of a final estimate does not mean the acceptance of a street, nor does the acceptance of a street necessarily mean payment of the final estimate. In other words, the acceptance of a street and the estimates of payment of a street, either final or otherwise, are not synonymous terms.

Acceptance in the language of Judge Marshall means what it says: "to accept". It does not mean the passing of a resolution authorizing the payment of estimates either temporary or final. In the case of **Southern Surety Co. vs. Schmidt, et al, 117 OS. 28,** we think this question is fully determined by the Supreme Court.

Such compliance with the law was not made by the County Commissioners in these cases until the 16th of June 1926 and we think, therefore, that the court below was right in its judgment and committed no error in appropriating the sum of money that had been paid in by the County to the various claimants for the amount; and the judgment of the court below will be affirmed.

Sullivan, PJ, and Levine, J, concur.