## ROYAL INDEMNITY CO v AMERICAN SLAG & SUPPLY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10225. Decided Oct 21, 1929

Baker, Hostetler & Sidlo, Cleveland, for Indem Co.

J. J. Kistner, Cleveland, for Supply Co.

VICKERY, PJ.

We think that the judgment of the Municipal Court in this case must not only be reversed but that a final judgment must be entered for the plaintiff in error, and the reasons for our action are very simple and they are that the suit was not commenced within the time prescribed by the statute after the acceptance of this job.

There seems to be some dispute as to whether the job was accepted on September 4th of the year in question or on October 9th, but assuming that it was finally accepted by Director Hogan on October 9th,—an investigation had been made by Inspector of the work and it had been O.K'd. as completed and approved by him and accepted on September 4th,—but on October 9th, Director Hogan, the School Director having control of all the properties owned by the School Board of the City of Cleveland, accepted this contract and ordered the final estimate paid.

Now the statute, **2365-3 GC,** provides that contracts of this nature may be accpeted by an officer or by the Board. It is not customary, so far as the School Board is concerned, for the School **Board** to accept the work under these contracts nor to certify to its completion. Where a **Board** accepts a contract, it probably is necessary to have it done by resolution, and that resolution will be upon the minutes of the Board. That is because that is the only way that a Board can speak. Now the statute, it will be noticed, authorized the acceptance either by an officer or by the Board. In this case it was accepted by an officer and particular stress is put upon this because of a citation of our own in the case of **Royal Indemnity Company vs. Buckeye Shale Brick Company, 7 Abs 501,** decided February 4, 1929. I have read again with much interest the opinion which this member of the court wrote in that case, and in that case we used words which seem to imply that the Board of County Commissioners must **formally** accept the improvement, and I think a reading of the statutes, taking them all together, will show that where there is a road improvement under the control of the County Commissioners, the statute seems to provide that ten percent of the cost price must always be retained by the County Commissioners; that estimates are allowed from time to time by the engineer and are paid, but ten percent must always be retained until the final completion of the work and the last ten percent can only be paid after the engineer has inspected the work and reported to the County Commisisoners that it has been completed, and then they apparently are to pass a resolution providing for the acceptance of the work and the allowance of the final estimate. In that case the final estimate had been paid before the resolution of the Commissioners had been passed, and it was argued that that was an acceptance but, as the opinion in the case says, "there might be a final payment without an acceptance", and as a matter of fact, it did happen in that case. In that case the right of the lienholders depended upon the final acceptance of the work and the County Commisisoners passed the necessary resolution finally accepting the

work and within ninety days of that time the lienholders filed their claims and the Indemnity Company sought to get out on the ground that the improvement had been accepted by the payment of the final estimates which was more than ninety days before the filing of the claims and this court held, follownig the case of **Southern Surety Company vs Schmidt et al, 117 OS. 28,** that there had not been any acceptance of the work until the formal acceptance by the County Commissioners. Whether we went farther than was necessary in that case does not seem to be very material, so far as this case is concerned, when we get at the real facts.

Now, as already stated, **this** work was accepted either on September 4th or on October 9th, and on October 14th the lienholder, the plaintiff in this action below, filed its claim for a lien recognizing the acceptance of the work either on September 4th or on Oct. 9th, for if the contract had not been accepted, it would have been a premature filing of its claim. So now it complied with the statute in filing its claim within ninety days from the time of the acceptance, to-wit, either on the 4th of September or on the 9th of October. That is, it filed its claim on the 14th of October. So far so good and had it pursued its remedy within the time allowed by statute, it would have been all right, but notwithstanding it filed its claim for lien on the 14th of October, either one month and ten days, or five days after the acceptance, it failed to bring its suit to recover until about eighteen months thereafter. The statute plainly holds that a lienholder cannot bring suit until after sixty days from the time of the filing of its claim, apparently to give the parties an opportunity of finding out and adjusting the claim, and if it is brought within sixty days it is brought prematurely, but the statute also provides that it shall not be brought later than one year from the date of the acceptance of the work under the contract, and in this case the plaintiff itself in filing its claim treated either the 4th of September or the 9th of October as the date of acceptance, and as already stated it did not bring its suit until eighteen months thereafter.

We think the suit was brought too late by their own confession. The statute had become a complete bar against the maintenance of the right of action, and that being the only question that is before this court, we can only hold that the plaintiff was not entitled to recover, and that the judgment below was wrong, and inasmuch as the matter is conceded and the time within which the plaintiff brought its suit is undoubted, this court can only enter the judgment that the court below should have rendered; that is, judgment reversed and final judgment for the plaintiff in error, and we do not think that it at all impinges on the doctrine laid down in the case decided by this court February 4th, 1929 in the case of Royal Indemnity Company vs. Buckeye Shale and Brick Company, nor with the doctrine laid down in Southern Surety Co. vs. Schmidt, et al., supra.

The judgment will, therefore, be reversed and final judgment for plaintiff in error.

Sullivan and Levine, JJ., concur.